```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASHID MCLEAN,

                              Plaintiff,

                    -against-

HAZEL JENNINGS, et al.,

                              Defendants.

19-CV-10967 (PAE) (BCM)

**ORDER OF SERVICE**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated October 21, 2020, the Court requested that defendants Samantha Brown, Scott Frank, Captain Brown (Shield #1387), and Captain Frederick waive service of summons. (Dkt. No. 50.) The Court received an executed waiver of service of summons from the New York City Department of Correction (DOC) for Captain Frederick. (Dkt. No. 51.) The Court received an unexecuted waiver of summons as to Samantha Brown, Scott Frank, and Captain Brown, stating that Samantha Brown is "[n]o longer an employee of the agency," that Scott Frank (listed simply as "Scott") did not match any name in the agency, and that there is more than one Captain Brown in the DOC. (Dkt. No. 52.) The DOC apparently overlooked the shield number provided along with the name.

**Defendants Frank Scott and Captain Brown (Shield #1387)**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Second Amended Complaint, plaintiff supplies sufficient information to permit the New York City Law Department to identify the individual officer who, according to plaintiff, arrested plaintiff on October 16, 2014. The Second Amended Complaint identifies that officer as "Scott Frank" or (in the caption) "Frank Scott." Plaintiff also provides sufficient information to identify "Captain Brown (Shield #1387)."

It is therefore ORDERED that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of plaintiff's arresting officer on October 16, 2014 ("Scott Frank") and "Captain Brown" who, as of October 16, 2014, had the shield # 1387, and the addresses where these defendants may be served.[1] The New York City Law Department must provide this information to plaintiff and the Court within sixty days of the date of this order.[2]

### Defendant Samantha Brown

So that the U.S. Marshals may attempt to serve Samantha Brown, who is no longer employed by the DOC, the Court directs the New York City Law Department to provide her last known address, by *ex parte* letter sent directly to chambers via email, addressed to Moses_NYSDChambers@nysd.uscourts.gov, within thirty days of this order. *See Valentin*, 121 F.3d at 76.[3]

---

[1] If either or both of the defendants currently identified as "Scott Frank" and "Captain Brown" are current or former DOC employees or officials, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If either or both of them are not current or former DOC employees or officials, but otherwise work or worked at a DOC facility, the New York City Law Department must provide a residential address where they may be served.

[2] Once the Court receives this information, it will direct the Clerk of Court, pursuant to Fed. R. Civ. P. 21 to amend the caption of this case to properly reflect the correct names, and if applicable, shield numbers, of defendants "Scott Frank" and "Captain Brown."

[3] Once the Court receives the last known address for Samantha Brown, the Court will issue a further order directing the Clerk of Court to (1) issue a new summons for defendant Brown; (2) fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for defendant Brown with the address provided: and (3) deliver a service package to the U.S. Marshals Service so that service can be effected upon defendant Brown.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to plaintiff and to note

service on the docket.

The Clerk of Court is further directed to notify the New York City Department of

Correction and the New York City Law Department of this order.

Dated: New York, New York
         November 11, 2020

                                        **SO ORDERED**.

                                        **BARBARA MOSES**
                                        **United States Magistrate Judge**

3